UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP SALAT,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL PIROTTO, et al.,<br><br>    Defendants. | No. 2:14-cv-01468-MCE-AC<br><br><br>ORDER |

    This action was referred to the undersigned pursuant to Local Rule 302(c)(21). Before the court is defendants' motion to dismiss plaintiff's initial complaint (ECF No. 12) as well as plaintiff's motion to appear telephonically (ECF No. 21). For the reasons discussed below, the court vacates defendants' motion to dismiss and denies plaintiff's request to appear telephonically, as both are now moot.

PROCEDURAL BACKGROUND

    On June 19, 2014, plaintiff filed an initial complaint against defendants along with an application to proceed in forma pauperis. ECF Nos. 1 & 2. Plaintiff's initial complaint includes claims for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. On July 2, 2014, the court granted plaintiff's application to proceed in forma pauperis. ECF No. 3. On October 15, 2014, defendants filed a motion to dismiss plaintiff's initial complaint, arguing that (1) plaintiff failed to allege a custom, policy, or practice was the driving force behind the

1

violation of his constitutional rights; (2) the Younger Abstention Doctrine mandates that the court abstain from adjudicating plaintiff's claims in light of the fact that plaintiff is involved in related ongoing civil and criminal litigation in state court; and (3) plaintiff's claims based on violation of his Fifth Amendment rights must be dismissed because the Fifth Amendment does not apply to local government entities. ECF No. 12 at 1–2. On October 30, 2014, plaintiff filed a first amended complaint. ECF No. 15.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amended pleadings. In pertinent part, Rule 15(a) reads: "A party may amend its pleading once as a matter of course within . . . , if the pleading is one to which a response pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). A properly filed "amended complaint supersedes the original [complaint], the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

## ANALYSIS

The court finds that defendants' motion to dismiss is moot, as plaintiff's initial complaint has been superseded by his first amended complaint. Defendants filed their motion to dismiss plaintiff's initial complaint on October 15, 2014. ECF No. 12. Plaintiff filed his first amended complaint on October 30, 2014, ECF No. 15, well within the twenty-one (21) day period allowed after service of a motion under Rule 12(b), Fed. R. Civ. P. 15(a). Accordingly, plaintiff's initial complaint has been superseded by his first amended complaint and the court will vacate defendants' motion to dismiss, without prejudice to a motion addressed to the amended complaint.

In light of this order, the court will vacate the hearing scheduled for November 19, 2014, and deny plaintiff's request to appear telephonically as moot.

Accordingly, IT IS HEREBY ORDERED that

1. Defendants' motion to dismiss, ECF No. 12, is vacated;

2. The court's November 19, 2014, hearing is vacated;

      3. Plaintiff's request to appear telephonically at the court's November 19, 2014, hearing, ECF No. 21, is denied; and

      4. Defendants are directed to file a responsive pleading or 12(b) motion within twenty-one (21) days of this order.

DATED: November 14, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3