1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IMHOTEP SALAT,                          No.  2:14-cv-01468-MCE-AC

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   MICHAEL PIROTTO, et al.,

15              Defendants.

16

17        On December 17, 2014, the court held a hearing on defendants' motion to dismiss.

18   Plaintiff Imhotep Salat appeared telephonically in pro per and Jill Nathan appeared on behalf of

19   defendants Michael Pirotto and the County of Sacramento ("the County").  Also before the court

20   are plaintiff's motion for declaratory relief or, in the alternative, limited discovery, ECF No. 30,

21   and motion for sanctions, ECF No. 38.  On review of the motions, the documents filed in support

22   and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing

23   therefor, THE COURT FINDS AS FOLLOWS:

24                            FACTUAL BACKGROUND

25        Plaintiff alleges that on October 3, 2013, he received a letter from Defendant Pirotto, a

26   criminal investigator with the County, notifying him that a felony warrant had been issued for his

27   arrest.  ECF No. 15 at 3.  In response to Defendant Pirotto's letter plaintiff turned himself in at the

28   ////

Sacramento County Main Jail on October 7, 2013.[1]  Id. at 4.  At that time, plaintiff asked both his arresting officer and registering officer for a copy of his arrest warrant, but neither was able to provide a copy.  Id.  Plaintiff alleges that the County's failure to provide him with a copy of his arrest warrant upon request renders his arrest unlawful and qualifies as kidnapping, false imprisonment, and a violation of his Fourth, Fifth, and Fourteenth Amendment rights.  Id. at 4–5.

After his arrest plaintiff was detained for three days due to a "Commitment Re-arrest" that wrongly appeared on his record.  Id. at 5–6.  Plaintiff had already been convicted and served his time for the underlying crime relevant to the re-arrest.  Id.  At plaintiff's arraignment, the court system reported the mistake and the judge released him on his own recognizance.  Id. at 6.  Plaintiff alleges that this over-detention was a violation of his Fourth and Eighth Amendment rights.  Id.  Plaintiff also alleges that Defendant Pirotto was without jurisdiction to investigate him under California law, which grants exclusive jurisdiction to the Attorney General's Office in matters regarding charity organizations. Id. at 6–7.  Plaintiff also alleges that Defendant Pirotto violated both plaintiff's Fourth Amendment rights and the Financial Right to Privacy Act by obtaining D & I Special Care Services, LLC's bank statements from Bank of America without a warrant or plaintiff's permission.  Id. at 7.

After several requests to his counsel and the Sacramento Superior Court, plaintiff was, at some unspecified time, provided with a copy of his arrest warrant.  Id. at 9.  On the arrest warrant; however, the field designated for the "Authority of Warrant" reads "N/A."  Id.  Plaintiff alleges that the warrant was therefore invalid and his arrest was a violation of his constitutional rights.  Id.  Plaintiff also alleges that Defendant Pirotto violated the Disability Rights of California Act by failing to notify him once Defendant Pirotto's investigation began.  Id. at 9–10.  Plaintiff further alleges that Defendant Pirotto engaged in racial discrimination by choosing to investigate plaintiff instead of William Grady, who admitted to criminally fraudulent acts during Defendant Pirotto's investigation and was somehow involved in the charges brought against plaintiff.  Id. at 10–11.

---

[1]  The docket in plaintiff's case, People of the State of California v. Ikon Fakgraden Safir, Sacramento Cnty. Super. Ct., Case No. 13F05883 (Oct. 1, 2013), (hereinafter "Plaintiff's Criminal Case" or "the Underlying Criminal Case") reflects a filing date of October 1, 2013. ECF No. 24-1 at 2.

1   Plaintiff alleges that Defendant Pirotto's investigation was excessive and slanderous, and as a

2   result plaintiff suffered a mental breakdown.  Id. at 13.

3       Plaintiff also alleges that he was denied necessary medical treatment at Sacramento

4   County Jail after his arrest in violation of the Eighth Amendment.  Id. at 11.  Plaintiff suffers from

5   severe sleep apnea and requires a CPAP machine and daily medications of Abilify and Seroquel.

6   Id.  Finally, plaintiff alleges that the County violated his constitutional rights pursuant to Section

7   1983 by failing to require Defendant Pirotto to send him a demand letter prior to his arrest in

8   accordance with the In Home Supportive Services Program ("IHSS") handbook.  Id. at 14.

9   Plaintiff alleges that the County has a policy of overlooking such violations.  Id.

10      On May 2, 2014, plaintiff filed a civil claim in Sacramento County Superior Court, Ikon

11  Safir v. Sacramento Cnty. Sheriff's Dept., Sacramento Cnty. Super. Court, Case No. 34-2014-

12  00162865 (May 2, 2014), for an intentional tort.  ECF No. 24-1 at 4–19.  Plaintiff's state court

13  complaint alleges, like his FAC, that he was wrongfully imprisoned for three days due to the

14  County's inadvertent or intentional error.  Id. at 15–17.  The docket in plaintiff's state court civil

15  case reveals that it is still active, with the next date being a case management conference

16  scheduled for February 26, 2015.  Id. at 21–22.

17                          PROCEDURAL BACKGROUND

18      Plaintiff filed his original complaint against defendants Michael Pirotto and the County on

19  June 19, 2014, along with an application to proceed in forma pauperis.  ECF No. 1 & 2.  The

20  court granted plaintiff's application on June 2, 2014.  ECF No. 3.  Defendants then filed a motion

21  to dismiss plaintiff's complaint on October 15, 2014, ECF No. 12, after the court granted them an

22  extension to file a responsive pleading on September 12, 2014, ECF No. 9.  On October 30, 2014,

23  before the court issued an order regarding defendants' motion to dismiss, plaintiff filed a first

24  amended complaint ("FAC") for violation of his constitutional and federal rights pursuant to

25  Section 1983.  ECF No. 15.  The court then vacated the hearing set for defendants' motion to

26  dismiss and denied it as moot on November 14, 2014.  ECF No. 23.  On November 17, 2014,

27  ////

28  ////

3

defendants filed a motion to dismiss  plaintiff's FAC along with a request for judicial notice.[2]

ECF No. 24.  Defendants' motion argues that plaintiff's FAC should be dismissed because (1)

plaintiff's ongoing civil and criminal cases in state court mandate dismissal according to the

Younger abstention doctrine; (2) it fails to state a claim pursuant to Monell; (3) plaintiff lacks

standing to pursue a civil rights claim based on financial injury to a corporation; (4) plaintiff fails

to state a 1983 claim against Defendant Pirotto; (5) Defendant Pirotto is entitled to qualified

immunity; and (6) plaintiff fails to state any claim for violation of California law because

defendants are immune from liability for investigatory conduct.  ECF No. 24 at 2.[3]

On November 24, 2014, plaintiff filed an opposition to defendants' motion to dismiss,

accompanied by a request for judicial notice.[4]  ECF No. 27.  On December 9, 2014, plaintiff

requested to appear at the court's hearing on defendants' motion to dismiss telephonically.  ECF

No. 31.  The court granted his request on December 10, 2014.  ECF No. 32.  On the same day,

defendants filed a reply to plaintiff's opposition.  ECF No. 33.

On December 5, 2014, plaintiff filed a motion for declaratory relief or, in the alternative,

limited discovery.  ECF No. 30.  On December 23, 2014, defendants filed an opposition to

plaintiff's motion for declaratory relief.  ECF No. 35.  On December 29, 2014, plaintiff filed a

---

[2]  Defendants seek judicial notice of the docket in an ongoing criminal case, People of the State of
California v. Ikon Fakgraden Safir, Sacramento Cnty. Super. Ct., Case No. 13F05883 (Oct. 1,
2013), as well as the docket and filings in an ongoing civil case, Ikon Safir v. Sacramento Cnty.
Sheriff's Dept., Sacramento Cnty. Super. Ct., Case No. 34-2014-00162865 (May 2, 2014).  ECF
No. 24-1.  Under Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of
an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally
known or "(2) can be accurately and readily determined from sources whose accuracy cannot
reasonably be questioned."  Fed. R. Evid. 201(b).  The filings attached to defendants' request for
judicial notice can be determined "from sources whose accuracy cannot reasonably be
questioned."  Id.  Accordingly, the defendants' request for judicial notice is granted because the
docket and filings in plaintiff's state court matters are directly related to plaintiff's FAC.
[3]  Citations to court documents refer to the page numbers assigned by the court's electronic
docketing system where available.
[4]  An examination of the documents contained in plaintiff's request for judicial notice and their
content indicates that they have little or no bearing on the determination of the instant motion.
For this reason, the propriety of judicially noticing them need not be resolved in conjunction with
this request for dismissal, and the request for judicial notice as to these documents will therefore
be denied.

1   motion for sanctions accompanied by a motion for judicial notice.[5]  ECF No. 38.  Defendants

2   filed an opposition on January 9, 2015.  ECF No. 39.

3                                           LEGAL STANDARDS

4   I.       Failure to State a Claim

5            The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

6   is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d

7   578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the

8   absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police

9   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a

10  claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

11  (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief

12  on the plaintiff's claims, even if the plaintiff's allegations are true

13          In determining whether a complaint states a claim on which relief may be granted, the

14  court accepts as true the allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989)

17          The court may consider facts established by exhibits attached to the complaint.  Durning

18  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

19  which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

20  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

21  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

22  court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

23  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

24  ////

25  _____

26  [5]  Plaintiff's motion asks the court to take judicial notice of "[e]xhibit A the motion hearing CD
    that was taken on December 17, 2014, at 10 a.m. in court 26 regarding the 12 (b) motion for

27  dismissal."  ECF No. 38 at 4.  No Exhibit A was attached to plaintiff's motion, and what plaintiff
    means by "motion hearing CD" is not clear.  Accordingly, plaintiff's motion for judicial notice

28  will be denied.

II.      Section 1983 Claim

Generally, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  To state a claim under Section 1983 against a public entity not personally involved in a constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy, practice, or custom of the local entity."  Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) (citing Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978)).  This type of claim can be asserted on three different bases.  First, a public entity may be held liable when "implementation of . . . official policies or established customs inflicts the constitutional injury."  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting Monell, 436 U.S. at 708 (Powell, J., concurring)).  Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right."  Id. (internal quotation marks omitted).  Third, this type of liability may arise when "an official with final policy-making authority . . . ratifies a subordinate's unconstitutional decision or action and the basis for it."  Id. (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

Regardless of the theory underlying plaintiff's claim, however, plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

III.     *Younger* Abstention

The Younger abstention doctrine is based on the longstanding policy that federal courts should not ordinarily enjoin pending criminal proceedings in state courts.  See Younger v. Harris, 401 U.S. 37, 45 (1971).  This principle has also been extended to limited classes of civil proceedings.  See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989).  These proceedings include those cases where (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise federal questions; and (4) the federal action would

6

enjoin the state proceeding or have the practical effect of doing so.  <u>San Jose Silicon Valley</u>

<u>Chamber of Commerce Political Action Committee v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th

Cir. 2008).

Further, in order for a state civil case to implicate "important state interests" under the

doctrine it must fit within one of three categories.

> Notwithstanding its apparent breadth, that tag line is not an
> invitation to abstain simply because a suit implicates a state law,
> even one involving a traditional state concern. While recognizing
> important state interests in a number of civil proceedings, "neither
> [the Ninth Circuit] nor the Supreme Court has held <u>Younger</u> to
> apply generally to ordinary civil litigation." <u>Potrero Hills Landfill,
> Inc. v. Cnty. of Solano</u>, 657 F.3d 876, 882 (9th Cir.2011).  In
> <u>Middlesex</u>, the Supreme Court offered three types of civil
> proceedings in which a state might have a vital interest:
> noncriminal proceedings that "bear a close relationship to
> proceedings criminal in nature," "[p]roceedings necessary for the
> vindication of important state policies," and "[p]roceedings
> necessary . . . for the functioning of the state judicial system." 457
> U.S. at 432, 102 S. Ct. 2515. The first two categories implicate the
> state's executive interest and encompass cases in which the state or
> an agent of the state is a party "in an enforcement posture," <u>Potrero
> Hills Landfill</u>, 657 F.3d at 883.  The third category encompasses
> cases—including those between private parties—where the
> operation of the state judicial system is itself at issue.

<u>Logan v. U.S. Bank Nat. Ass'n</u>, 722 F.3d 1163, 1167–68 (9th Cir. 2013); <u>see also</u> <u>ReadyLink</u>

<u>Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 759 (9th Cir. 2014).  Where <u>Younger</u>

abstention does apply, "federal courts should not dismiss actions where damages are at issue;

rather, damages actions should be stayed until the state proceedings are completed."  <u>Gilbertson</u>,

381 F.3d 965, 968 (9th Cir. 2004).

If these requirements are met, the court must also consider whether any of the narrow

exceptions to the <u>Younger</u> abstention doctrine apply.  The court need not abstain if the state court

proceedings were prosecuted in bad faith or for purposes of harassment, or the statute at issue is

"flagrantly and patently violative of express constitutional prohibitions."  <u>Dubinka v. Judges of</u>

<u>Superior Court of State of Cal. for Cnty. of Los Angeles</u>, 23 F.3d 218, 223–25 (9th Cir. 1994).

The extraordinary circumstances exception recognizes that a federal court need not abstain when

faced with a statute that is flagrantly unconstitutional in every clause.  <u>Id.</u> at 225.

7

DISCUSSION

I.     Plaintiff's Claims Based on the Defendants' Failure to Produce an Arrest Warrant

Plaintiff alleges that he requested and was denied a copy of his arrest warrant when he turned himself in.  ECF No. 15 at 3.[6]  Plaintiff claims that defendants' failure to provide him with a copy of his arrest warrant upon request renders his arrest unlawful and qualifies as kidnapping, false imprisonment, and a violation of his Fourth, Fifth, and Fourteenth Amendment rights.  Id. at 4–5, 9.  Younger applies to these claims because (1) the criminal proceeding that they relate to is ongoing;[7] (2) the criminal proceeding implicates important state interests, Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); and (3) plaintiff's claims include allegations related to the constitutionality of his arrest that can be raised in his pending criminal case.  The court also finds that none of the limited exceptions to Younger abstention apply in this case.

Nevertheless, the court will not stay plaintiff's claims under the Younger doctrine because the allegations do not state a cause of action.  First, the facts alleged do not establish a violation of plaintiff's constitutional rights.  An arrest and subsequent detention pursuant to a facially valid arrest warrant do not violate due process unless the detention is unduly long.  Baker v. McCollan, 443 U.S. 137, 144 (1979) (holding that where an arrest is made pursuant to a facially valid warrant, a three day detention does not amount to a due process violation).  Plaintiff does not dispute the validity of his arrest warrant, and he points to no authority supporting the proposition that any right to be presented with an arrest warrant upon request is secured by the Fourth, Fifth, or Fourteenth Amendments.

////

---

[6] Plaintiff also claims that when he did eventually receive a copy of his arrest warrant it was not signed by the proper authority, id. at 9, however, it is not clear whether plaintiff is claiming that this constituted a violation of his constitutional rights.

[7] People of the State of California v. Ikon Fakgraden Safir, Sacramento Cnty. Super. Ct., Case No. 13F05883 (Oct. 1, 2013)

8

1    Plaintiff also does not allege facts sufficient to state a claim for kidnapping or false

2    imprisonment.  Kidnapping and false imprisonment are both California state law claims.

3    "Generally, to prove the crime of kidnapping, the prosecution must prove three elements: (1) a

4    person was unlawfully moved by the use of physical force or fear; (2) the movement was without

5    the person's consent; and (3) the movement of the person was for a substantial distance." People

6    v. Jones, 133 Cal. Rptr. 2d 358, 362 (2003).  Similarly, "[t]he crime of false imprisonment is

7    defined by Penal Code section 236 as the 'unlawful violation of the personal liberty of another.'

8    The tort is identically defined." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994) (emphasis

9    added).  Plaintiff has not alleged that his arrest warrant was invalid, nor has he alleged any other

10   facts suggesting that his arrest was unlawful.  In addition, plaintiff never alleges that he was

11   moved a substantial distance by use of physical force or fear.  Accordingly, the court will grant

12   defendants' motion to dismiss plaintiff's federal and state law claims based on defendants' failure

13   to present plaintiff with an arrest warrant upon request.

14   Should plaintiff by future amendment state a colorable claim or claims challenging the

15   validity of his arrest, the undersigned will recommend that they be stayed pursuant to Younger.

16   II.    Plaintiff's 1983 Claim Based on Denial of Medical Services

17   Although the court does not find that Younger abstention applies to plaintiff's claims

18   based on the County's denial of medical services, it will nevertheless grant defendants' motion to

19   dismiss these claims because plaintiff has failed to allege facts sufficient to state a claim.

20   Plaintiff alleges that he suffers from severe sleep apnea and requires a CPAP machine and

21   daily medications of Abilify and Seroquel.  ECF No. 15 at 11.  Although plaintiff requested the

22   aforementioned sleep aids and medications, the County refused to provide them.  Id.  Plaintiff

23   claims that by refusing to provide him with medical care defendants violated his Fourth, Fifth,

24   Eighth, and Fourteenth Amendment rights.  Id. at 13.  These claims challenging conditions of

25   confinement are independent of the underlying criminal case.  Plaintiff does not seek injunctive

26   relief, and a disposition of the claims in his favor would not affect the outcome of his criminal

27   case.  Younger does not require that the court abstain from adjudicating plaintiff's claims because

28   they are not claims that would "enjoin the state proceeding or have the practical effect of doing

9

1  so." San Jose Silicon Valley Chamber of Commerce Political Action Committee, 546 F.3d at

2  1092.

3  The court will, however, dismiss plaintiff's § 1983 claims involving the County's denial

4  of medical services because plaintiff has failed to allege facts sufficient to state a claim.  To state

5  a § 1983 claim against the County plaintiff must allege that his constitutional rights were violated

6  as a result of (1) an official policy, practice, or custom; (2) defendants' failure to act resulting

7  from deliberate indifference to his constitutional rights; or (3) the ratification of a subordinates'

8  unconstitutional decision or action by an official with final policy-making authority.  Clouthier v.

9  Cnty. of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010); Trevino v. Gates, 99 F.3d 911, 918

10  (9th Cir. 1996) holding modified by Navarro v. Block, 250 F.3d 729 (9th Cir. 2001).  Plaintiff

11  does not allege that the County had any policy, practice, or custom that resulted in him being

12  deprived of medical treatment.  Nor does plaintiff allege that defendants acted with "deliberate

13  indifference to his constitutional rights," or that anyone with policy-level authority made the

14  decision not to provide him with the medication requested.  Accordingly, the court will grant

15  defendants' motion to dismiss plaintiff's § 1983 claim based on denial of medical services.

16  III.    Plaintiff's Section 1983 Claims Based on Over-confinement

17  The court also finds that although Younger does not require it to abstain from adjudicating

18  plaintiff's § 1983 claims regarding over-confinement, his claims must be dismissed because he

19  has failed to allege sufficient facts.

20  Plaintiff alleges that defendants violated his Fourth and Fifth Amendment rights by

21  detaining him for three days on a "Commitment Re-arrest" that wrongly appeared on his record.

22  ECF No. 15 at 5–6.  Plaintiff had already been convicted and served his time for the underlying

23  crime relevant to the re-arrest at the time.  Id.  At plaintiff's arraignment, the court system

24  reported the mistake and the judge released him on his own recognizance.  Id. at 6.  Accordingly,

25  plaintiff's claim does not relate to any ongoing case and Younger abstention does not apply.

26  However, plaintiff does not allege in accordance with Monell that his constitutional rights were

27  violated as a result of a policy, practice, or custom.  Accordingly, the court will grant defendants'

28  motion to dismiss as to plaintiff's § 1983 claims based on over-confinement.

10

1    IV.     Plaintiff's Claims Based on Injury to D & I Special Care Services, LLC ("D & I, LLC")

2          and D & I Special Care Services ("D & I")

3         The court will also grant defendants' motion to dismiss plaintiff's claims based on injury

4   to D & I, LLC and D & I because plaintiff lacks standing. [8]

5         The standing doctrine limits federal court jurisdiction. <u>Lujan v. Defenders of Wildlife</u>,

6   504 U.S. 555, 560 (1992). For a plaintiff to have standing to assert his claims three factors must

7   be present: (1) injury in fact; (2) causation; and (3) redressability. <u>Id.</u> at 560–61. Plaintiff alleges

8   that Defendant Pirotto was without any authority to conduct his investigation into D & I because

9   the Attorney General's Office has exclusive jurisdiction over the investigation of non-profits. <u>Id.</u>

10   at 6–7. Plaintiff also alleges that Defendant Pirotto violated the Financial Privacy Act and

11   plaintiff's Fourth Amendment rights by securing the bank records of D & I, LLC without a

12   warrant. ECF No. 15 at 7. Plaintiff does not allege that he personally suffered any injury as a

13   result of Defendant Pirotto's investigation into these companies, and even if plaintiff is the

14   president of these organizations, he does not have standing to bring claims on their behalf.

15   Accordingly, the court finds that plaintiff lacks standing to assert his claims based on Defendant

16   Pirotto's investigation into D & I, LLC and D & I.

17         A pro se litigant "must be given leave to amend his or her complaint unless it is absolutely

18   clear that the deficiencies of the complaint could not be cured by amendment." <u>Karim-Panahi v.</u>

19   <u>Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). The court finds

20   that neither of these claims can be cured by amendment. For one thing, "[i]n general, an

21   American depositor has no reasonable expectation of privacy in copies of his or her bank records,

22   such as checks, deposit slips, and financial statements maintained by the bank." <u>In re Grand Jury</u>

23   <u>Proceedings</u>, 40 F.3d 959, 962 (9th Cir. 1994). This means that depositors cannot state a claim

24   for violation of their Fourth Amendment rights based on the government's use of bank records.

25   <u>Kelley v. United States</u>, 536 F.2d 897, 899 (9th Cir. 1976). Furthermore, the Federal Right to

26

27   [8] Although it is impossible to tell for certain, based on plaintiff's allegation that defendants violated his Fourth Amendment rights it may be that plaintiff means to allege a violation of the Federal Financial Privacy Act, 12 U.S.C. § 3400 *et seq.*, as opposed to the California Financial

28   Information Privacy Act, Cal. Fin. Code § 4050 *et seq.*

1  Financial Privacy Act ("RFPA") does not apply to state law enforcement agencies.  United States

2  v. Zimmerman, 957 F. Supp. 94, 96 (N.D.W. Va. 1997); see also Puerta v. United States, 121

3  F.3d 1338, 1341 (9th Cir. 1997).  Accordingly, the deficiencies of these claims complaint cannot

4  be cured by amendment.  The court therefore will recommend that plaintiff's claims brought on

5  behalf of D & I, LLC and D & I be dismissed without leave to amend.

6  V.      Plaintiff's Disability Rights of California Act ("DRC") and Section 1983 Claims Based on

7          Defendants' Failure to Notify Him that an Investigation Was Ongoing

8          The court will also dismiss plaintiff's DRC and § 1983 claims based on Defendant

9  Pirotto's failure to notify him that he was under investigation, because plaintiff has not stated a

10  cognizable claim for relief.[9]  Plaintiff alleges that he receives social security benefits and receives

11  assistance from IHSS due to physical and mental disabilities.  ECF No. 15 at 9.  Plaintiff also

12  alleges that under the DRC he is entitled to notification if he is under investigation "for any

13  reason," and by neglecting to do so Defendant Pirotto and the IHSS program violated the DRC

14  and his Fifth Amendment due process rights.  Id. at 9–10.  Plaintiff points to no authority, and the

15  court is not aware of any, supporting the proposition that agencies must tender notice to

16  participants in IHSS if they are under investigation.  Accordingly, the court will grant defendants'

17  motion to dismiss as to these claims because plaintiff has failed to state a cognizable claim for

18  relief.

19  VI.     Plaintiff's Motion for Declaratory Relief

20          The court will deny plaintiff's motion for declaratory relief because it does not request or

21  establish his entitlement to an order disposing of a case or controversy between the parties.  "A

22  declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

23  judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood

24  Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither

25  serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the

26

27  [9] There is no "Disability Rights of California Act."  Accordingly, the court construes plaintiff's
   claim as arising under the closest proximity under California law, the Disabled Persons Act, Cal.
28  Civ. Code, § 54 et seq.

1   proceedings and afford relief from the uncertainty and controversy faced by the parties."  United

2   States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  Plaintiff's motion for declaratory

3   relief seems to request that the court refuse to hear defendants' motion to dismiss based on the

4   allegation that it constitutes a violation of his right to free speech.  See ECF No. 30 at 1–2

5   (requesting that "this court declare that any information provided by the attorney of record for

6   defendant PIROTTO allegations of the Plaintiff's Constitutional claim not be heard in this court

7   is completely in violation of 42 U.S.C. 1983 FREE SPEECH").  The court will not grant

8   plaintiff's request as he has no constitutionally secured right to pursue claims that do not abide by

9   the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8.  Plaintiff's motion could also be

10  construed as a request that the court order him released from prison, ECF No. 30 at 2, however,

11  because plaintiff's confinement presumably relates to the Underlying Criminal Case the court

12  could not grant such a request under Younger, even if it were inclined to do so.

13          In the alternative, plaintiff requests permission to engage in limited discovery regarding

14  the extent to which "the Warrant Letter," was improperly issued.  ECF No. 30 at 2.  A court may

15  authorize early discovery before the Rule 26(f) conference for the parties' and witnesses'

16  convenience and in the interest of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit

17  generally consider whether a plaintiff has shown "good cause" for the early discovery.  See, e.g.,

18  IO Group, Inc. v. Does 1–65, No. C 10–4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.15,

19  2010).  The court finds that plaintiff has not shown good cause why early discovery is necessary

20  in this case.  Accordingly, the court will deny plaintiff's motion for declaratory relief.

21  VII.    Plaintiff's Motion for Sanctions

22          The court will also deny plaintiff's motion for sanctions, ECF No. 38, as improperly

23  noticed.  Under Local Rule 230(b) motions must set hearing dates for "not less than twenty-eight

24  (28) days after service and filing of the motion."  Plaintiff's motion scheduled a hearing for

25  sixteen (16) days after the date on which it was filed.  Accordingly, the court will vacate the

26  hearing date set for plaintiff's motion for sanctions and deny his motion as improperly noticed.

27  ////

28  ////

13

1    CONCLUSION

2          In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that:

3          1.  Defendants' motion to dismiss, ECF No. 24, be granted without leave to amend as to

4    plaintiff's claims for violation of the Federal Financial Privacy Act, 12 U.S.C. § 3400 *et seq.*, and

5    42 U.S.C. § 1983 based on Defendant Pirotto's investigation of D & I, LLC and D & I.

6          These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, plaintiff may file written objections

9    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

10   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

11   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

12   (9th Cir. 1991).

13         Further, THE COURT HEREBY ORDERS that:

14         1.  Defendants' motion to dismiss, ECF No. 24, is granted with leave to amend as to (a)

15   plaintiff's claims for violation of 42 U.S.C. § 1983 based on his over-confinement, defendants'

16   failure to provide him with his arrest warrant upon request, denial of medical services, and failure

17   to notify him that he was being investigated; and (b) plaintiff's state law claims for kidnapping

18   and false imprisonment;

19         2.  Plaintiff's motion for declaratory relief or, in the alternative, limited discovery, ECF

20   No. 30, is denied and the hearing on that matter scheduled for February 4, 2014, is vacated;

21         3.  Plaintiff's motion for sanctions, ECF No. 38, is denied and the hearing on that matter

22   scheduled for January 14, 2015, is vacated;

23         4.  Defendants' motion for judicial notice filed on November 17, 2014, ECF No. 24, is

24   granted; and

25         5.  Both plaintiff's motion for judicial notice filed on November 24, 2014, ECF No. 27,

26   and plaintiff's motion for judicial notice filed on December 29, 2014, ECF No. 38, are denied.

27   ////

28   ////

14

1    6.  The court will set a deadline for plaintiff to file an amended complaint after the district

2  judge rules on the undersigned's findings and recommendations.  Until that time, plaintiff should

3  not file an amended complaint.

4  DATED:  January 12, 2015

5

ALLISON CLAIRE
6  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28