UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP SALAT,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PIROTTO, et al.,<br><br>Defendants. | No.  2:14-cv-01468-MCE-AC<br><br><br><br>ORDER |

   This matter is before the undersigned pursuant to Local Rule 302(c)(21).  On January 13, 2015, the undersigned dismissed with leave to amend plaintiff's claims for (a) violation of 42 U.S.C. § 1983 based on his over-confinement, defendants' failure to provide him with his arrest warrant upon request, denial of medical services, and failure to notify him that he was being investigated; and (b) plaintiff's state law claims for kidnapping and false imprisonment.  ECF No. 41 at 14.  The undersigned also recommended that the court dismiss with prejudice plaintiff's claims for violation of the Federal Financial Privacy Act, 12 U.S.C. § 3400 et seq., and 42 U.S.C. § 1983 based on Defendant Pirotto's investigation of D & I, LLC and D & I.  Id.  On February 13, 2015, the court adopted the undersigned's findings and recommendations in full.  ECF No. 43.  Accordingly, the court will order that plaintiff file an amended complaint within thirty (30) days of the service of this order.

   Plaintiff has also requested that the court waive PACER's usual fees.  ECF No. 42.  The

1

1  court finds that plaintiff has not made a showing that his PACER fees should be waived.
2  Exemptions from PACER user fees are uncommon, and plaintiff's in forma pauperis status alone
3  does not support a request for waiver.  Plaintiff states in his request that he is on Social Security
4  Disability and therefore has limited income with which to pay PACER's fees.  Id.  However,
5  plaintiff does not need access to PACER to receive the court's filings.  All parties and attorneys
6  of record receive one free electronic copy of documents filed with the court if they are registered
7  with the court's CM/ECF system.  If not, a party will receive a copy of all orders and filed
8  documents via mail.  Further, if plaintiff chooses to access court records through PACER, the fee
9  is a modest $0.10 per page retrieved, and the charge for any single document has a cap of $3.00
10  which is equivalent to 30 pages.  In light of these procedures, which provide reasonable access,
11  plaintiff has not justified the waiver of PACER fees.
12      Accordingly, THE COURT HEREBY ORDERS that:
13      1. Plaintiff file a second amended complaint in accordance with the undersigned's
14  January 13, 2015, order and findings and recommendations, ECF No. 41, within thirty (30) days
15  of the service of this order; and
16      2. Plaintiff's request that the court waive PACER's usual fees, ECF No. 42, is DENIED.
17  DATED: February 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2