UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IMHOTEP SALAT,

    Plaintiff,

    v.

MICHAEL PIROTTO,

    Defendant.

No. 2:14-cv-01468-MCE-AC

FINDINGS AND RECOMMENDATIONS

On May 13, 2015, the court held a hearing on defendant's motion to dismiss. Plaintiff Imhotep Salat appeared telephonically in pro per and Jill Nathan appeared on behalf of defendant Michael Pirotto. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL BACKGROUND

Plaintiff alleges that on October 3, 2013, he received a letter from defendant Pirotto, a criminal investigator with the Sacramento County Department of Human Assistance, notifying him that a felony warrant had been issued for his arrest. ECF No. 45 (Second Amended Complaint) at 4, 14 (Exhibit A).[1] On the morning of October 7, 2013, plaintiff decided to turn

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system where available.

1

1  himself in and accordingly made arrangements with Greg Padilla Bail Bonds to have his bail
2  posted. Id. at 5. At that time, plaintiff asked the bail agent for a copy of his arrest warrant, but
3  was told that the warrant was not available. Id. Shortly thereafter, plaintiff turned himself into
4  the Sacramento County Jail, where he again asked to see a copy of his arrest warrant. Id. Neither
5  the registering officer nor the arresting officer provided plaintiff with a copy of the warrant. Id.
6  Plaintiff was then fingerprinted, photographed, and placed in a cell. Id.
7      Although plaintiff turned himself in on charges related to grand theft and embezzlement,
8  he was also held on a charge of spousal abuse. Id. at 6. The charge of spousal abuse, however,
9  was actually related to an old matter for which plaintiff had already served his sentence. Id.
10 Before the booking process, plaintiff was interviewed by a nurse who asked if he had any special
11 medical needs. Id. at 7. Plaintiff explained that he required a CPAP breathing machine to sleep,
12 as well as daily doses of Abilify and Seroquel. Id. Plaintiff never received his requested
13 medications or CPAP breathing machine. Id.
14     Plaintiff suffered a mental breakdown upon being told that he would not be released on
15 bail and instead would be taken to the Sacramento County Jail. Id. Plaintiff asked why he was
16 being taken into custody even though he had paid his bail, but he did not receive an explanation.
17 Id. When plaintiff told a Sacramento County Sheriff's officer that he needed his CPAP machine
18 and medication the officer told him he would have to "put a seek call slip in" to be seen by the
19 nurse. Id. at 8. Plaintiff suffered a "traumatic headache" his first night in custody, and
20 immediately put a seek call slip in to see the nurse the next day. Id. Plaintiff was incarcerated for
21 three days, but was never allowed to see a nurse. Id. Being deprived of his CPAP machine and
22 medication caused plaintiff congestive heart failure, severe depression, and post-traumatic stress
23 disorder. Id.

24 PROCEDURAL BACKGROUND

25     Plaintiff filed his original complaint against defendant Michael Pirotto and the County of
26 Sacramento ("the County") on June 19, 2014, along with an application to proceed in forma
27 pauperis. ECF No. 1 & 2. The court granted plaintiff's application on June 2, 2014. ECF No. 3.
28 Defendant Pirotto and the County then filed a motion to dismiss plaintiff's complaint. ECF

No. 12.  Before the court issued an order regarding the motion to dismiss, plaintiff filed a first amended complaint ("FAC").  ECF No. 15.  The motion to dismiss the original complaint was accordingly denied as moot on November 14, 2014.  ECF No. 23.  On November 17, 2014, the defendants filed a motion to dismiss plaintiff's FAC.  ECF No. 24.  That motion was granted on February 13, 2015.  ECF No. 41.  Plaintiff was ordered to file a second amended complaint ("SAC") within thirty (30) days.  ECF No. 44.

On March 2, 2015, plaintiff filed an SAC asserting § 1983 claims, malicious prosecution, assault, and false imprisonment against one defendant, Michael Pirotto.  ECF No. 45 at 2.  On March 27, 2015, defendant filed a motion to dismiss plaintiff's SAC.  ECF No. 49.  Defendant argues that plaintiff's SAC should be dismissed because (1) plaintiff does not allege a policy, practice, or custom of the County of Sacramento resulted in the violation of his constitutional rights; (2) arrestees do not have constitutional rights to see their arrest warrants; (3) the Younger abstention doctrine bars plaintiff's claims[2]; (4) plaintiff does not allege facts sufficient to state a claim against defendant Pirotto; (5) plaintiff's claims against defendant Pirotto are barred by qualified immunity; and (6) plaintiff's state law claims are barred by the California Tort Claims Act ("CTCA").  ECF No. 49 at 2.

On April 8, 2015, plaintiff filed an opposition to defendant's motion arguing that (1) defendant obtained a warrant for his arrest without jurisdiction, and (2) plaintiff's claims are not barred by qualified immunity because defendant currently has criminal charges pending against him in Nevada state court.[3]  ECF No. 50 at 2–3.  On April 22, 2015, defendant filed a

---

[2] Defendant seeks judicial notice of the docket in plaintiff's ongoing criminal case, People of the State of California v. Ikon Fakgraden Safir, Sacramento Cnty. Super. Ct., Case No. 13F05883 (Oct. 1, 2013), as well as the docket and filings in one of plaintiff's ongoing civil cases, Ikon Safir v. Sacramento Cnty. Sheriff's Dept., Sacramento Cnty. Super. Ct., Case No. 34-2014-00162865 (May 2, 2014).  ECF No. 24-1.  Under Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally known or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The filings attached to defendant's request for judicial notice can be determined "from sources whose accuracy cannot reasonably be questioned," and the docket and filings in plaintiff's state court matters are related to plaintiff's SAC.  Accordingly, the request for judicial notice is granted.

[3] Plaintiff also requests that the court take judicial notice a number of documents.  ECF No. 50 at 7–14.  Most of these documents are related to his recently filed Nevada Superior Court case,

1  reply to plaintiff's opposition arguing that plaintiff's opposition fails to explain how his SAC

2  states a claim against either defendant Pirotto or the County. ECF No. 52. Defendant also states

3  that the "criminal charges" against defendant referred to by plaintiff are actually civil claims

4  brought by plaintiff himself. ECF No. 52 at 4–5. Defendant contends that this recently filed civil

5  case against defendant Pirotto and the County is further proof of the frivolous and vexatious

6  nature of plaintiff's claims. Id.

## LEGAL STANDARDS

### I.  Failure to State a Claim

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider

---

Imhotep Salat v. Michael Pirotto, et al., Case No. A-15-716197-C (Nev. Super. Ct., Mar. 31, 2015). Id. at 7–12. The only document that is not related to his Nevada case is the docket in his underlying criminal case. Id. at 13. Again, under Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally known or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The filings attached to plaintiff's request for judicial notice can be determined "from sources whose accuracy cannot reasonably be questioned." Id. Accordingly, the request for judicial notice is granted.

4

facts which may be judicially noticed, Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If a Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). That is, leave to amend need not be granted where amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

II.     Section 1983 Claim

Generally, to state a claim under Section 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). "Under color of state law" means with the authority of the state, such as a public employee acting in his or her official capacity. See West v. Atkins, 487 U.S. 42, 48 (1988). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

To state a claim under Section 1983 against a public entity not personally involved in a constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy, practice, or custom of the local entity." Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) (citing Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978)). This type of claim can be asserted on three different bases. First, a public entity may be held liable when "implementation of . . . official policies or established customs inflicts the constitutional injury." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting Monell, 436 U.S. at 708 (Powell, J., concurring)). Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right." Id. (internal quotation marks omitted). Third,

1  this type of liability may arise when "an official with final policy-making authority . . . ratifies a
2  subordinate's unconstitutional decision or action and the basis for it." Id. (quoting Gillette v.
3  Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

4        Regardless of the theory underlying plaintiff's claim, however, plaintiff must provide
5  "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to
6  defend itself effectively." AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir.
7  2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

## DISCUSSION

9        The court will recommend that defendant's motion to dismiss be granted because plaintiff
10 does not allege facts sufficient to state a claim. Defendant Pirotto is the only defendant named in
11 plaintiff's SAC. ECF No. 45 at 1.[4] Nevertheless, plaintiff's SAC includes very few facts
12 regarding defendant Pirotto's involvement in the events of which he complains. Plaintiff alleges
13 that defendant investigated the charges against him and continued investigating even after another
14 suspect confessed to fraud and embezzlement. ECF No. 45 at 9–10. Plaintiff also alleges that
15 defendant sent a letter to plaintiff informing him that there had been a warrant issued for his
16 arrest. Id. at 4. Plaintiff does not allege that defendant was personally involved in any of the
17 events that transpired after he turned himself in to the Sacramento County Jail. The alleged facts
18 regarding Pirotto's conduct do not, in and of themselves, support claims that defendant violated
19 plaintiff's constitutional rights.

20       At the May 13, 2015 hearing on the instant motion, plaintiff articulated his theory of
21 defendant's liability in causation terms. Even though defendant was not personally involved in
22 the denial of plaintiff's medical care or his alleged over-confinement in the county jail, plaintiff
23 contends that defendant is liable for those events because he set them in motion. Plaintiff insists
24 that these violations would not have occurred but for defendant's investigation into plaintiff.
25 However, to state a § 1983 claim against an individual defendant a plaintiff must allege facts

---

[4] In his opposition to the motion to dismiss, plaintiff indicated that his omission of the County as a defendant in the SAC was deliberate. ECF No. 50 at 5. At the court's hearing on May 13, 2015, plaintiff confirmed that it was his intention to drop the County as a defendant.

showing that the official's own individual actions violated the Constitution. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012); see also Jones, 297 F.3d at 934. Plaintiff's factual allegations regarding Priotto's investigation and subsequent notification letter do not meet this standard. Plaintiff's SAC also alleges that Pirotto was without jurisdiction over plaintiff because plaintiff resides in Nevada. ECF No. 50 at 2. Plaintiff points to no authority supporting his contention. Because Priotto was investigating conduct that occurred in Sacramento County, it does not appear that he acted improperly in any way. In light of the foregoing, the court will recommend that plaintiff's § 1983 claims against Pirotto be dismissed.

The court will also recommend dismissal without leave to amend because amendment would be futile. Plaintiff has yet to allege any facts related to defendant's investigation of him that support a claim that defendant violated plaintiff's constitutional rights. Plaintiff has already filed two amended complaints in this matter and is no closer to stating a claim against Pirotto. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) (noting that the district court's discretion to dismiss without leave to amend is particularly broad where a plaintiff has amended once already). Plaintiff conceded at hearing that Pirotto's involvement was limited to investigation and notification of the arrest warrant. Because Pirotto was not the judge who issued the warrant or the prosecutor who filed charges, he cannot be liable for false arrest or malicious prosecution, or any related constitutional violations.[5] Accordingly, the court will recommend that plaintiff's § 1983 claims against Priotto be dismissed without leave to amend.

Because plaintiff fails entirely to state a claim against the sole named defendant, the court need not reach defendant's remaining arguments related to (1) qualified immunity; (2) the Younger abstention doctrine; (3) the Monell doctrine; and (4) plaintiff's alleged constitutional right to be presented with his arrest warrant upon request. The court also recommends declining to exercise jurisdiction over plaintiff's supplemental state law claims. See 28 U.S.C. § 1367

---

[5] Moreover, the county officials who did issue the warrant and bring charges would be absolutely immune from civil liability for doing so. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (judicial immunity); Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984) (prosecutorial immunity), cert. denied, 469 U.S. 1127 (1985).

7

("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir.) supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997).  Accordingly, the court need not reach defendant's argument related to the CTCA.

## CONCLUSION

In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that defendant's motion to dismiss, ECF No. 49, be GRANTED and the complaint dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 15, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE